

# United States Bankruptcy Court
# for the District of Oregon

**Albert E. Radcliffe, Judge**
Virginia H. Denney, Judicial Assistant
Howard J. Newman, Law Clerk

405 East Eighth Avenue, Suite 2600
Eugene, Oregon 97401

(541) 431-4050
FAX: (541) 431-4047

March 16, 2007

Mr. David B. Mills
Hammons & Mills
115 West 8th Avenue, #280
Eugene, OR 97401

Mr. Richard Doody
403 Pelican
Klamath Falls, OR 97601

RE:  BATSELL, Larry & Marna; Case No. 05-71104-aer7
     David F. Wurst v. Richard Doody; Adversary Proceeding No. 06-6265-aer
     Plaintiff's Motion for Summary Judgment

Gentlemen:

This letter is intended to announce my findings of fact and conclusions of law on Plaintiff's motion for summary judgment.

Procedural Background:

Debtors Larry and Marna Batsell filed Chapter 13 on October 14, 2005. The case converted to Chapter 7 on March 24, 2006. Mr. David Wurst was appointed Trustee.

This adversary was filed July 27, 2006, by the Trustee. Defendant filed a pro se answer.

Plaintiff has moved for summary judgment for a declaration that Defendant has no security interest in assets he sold to the debtors. The motion is supported by a memorandum, concise statement, and evidentiary exhibits. Plaintiff has not requested oral argument. Defendant has not responded to the motion. It is ripe for adjudication.

Facts:

From the submissions, the following facts are undisputed.

On January 7 and January 18, 2005, debtors and Defendant respectively, executed a document entitled "Addendum to Real Estate Sale Agreement"(the Addendum). See Ex. 4 to Concise Statement. The buyer is listed as debtor Marna Leann Batsell. Defendant is listed as seller. The real property is described as the "Electric Beach Tanning Salon." The Addendum provides:

> Buyer to execute in favor of seller a note secured by
> a [sic] inventory in the amount of $114,000 payable
> at not less than $2312.73 per month includin [sic]
> interest at 8%, all due an [sic] payable 5 years from
> the close of escrow. No prepayment penalty.
> Language to be determined by title company.

On February 24, 2005, debtors executed a document entitled "Security Agreement" in favor of Defendant. See Ex. 2 to Concise Statement. The document was executed on a pre-printed form. It grants Defendant a security interest:

> in the following described property together with all accessories,
> substitutions, additions, replacements, parts and accessions affixed
> to or used in connection therewith, as well as the products and
> proceeds thereof (all hereafter called "the Collateral"):

The space on the form provided for the description of the collateral is blank.

The "Security Agreement" indicates it is being given to secure payment of a $110,000 note, and to secure any and all other liabilities owed by debtors to Defendant. It provides that at all times the collateral is to be kept at the business known as "Electric Beach Tanning Salon" in Klamath Falls, and shall not be moved until debtors obtain a written consent to a change of location. It indicates the collateral is primarily for debtors' business or commercial purposes. The document has "N/A" inserted in various blanks describing debtors' other places of business, debtors' corporate status, and whether crops are collateral.

Paragraph 2.5 of the "Security Agreement" provides:

> If the collateral is or is to become attached to real estate, a
> description of the real estate is: ~~Business known as "Electric
> Tanning Salon" located at 2227 N. Eldorado Blvd., Klamath Falls,
> Oregon, together with all equipment and inventory as provided by
> the parties in Exhibit "A" attached hereto, at KLAMATH County,
> Oregon, and if the Collateral~~ is attached to real estate prior to
> perfection of the security interest granted hereby, the debtor will,
> on the demand of the secured party, furnish the latter with
> disclaimers or subordination agreements in form suitable to the
> secured party, signed by all persons having an interest in said real
> estate or any interest in the Collateral which is prior to the secured
> party's interest.

The stricken-out portion above is initialed by both debtors and Defendant. The document has other boilerplate provisions requiring debtors to maintain the collateral in good condition and to keep it insured and free from other liens. It also prohibits sale, exchange or other disposition of the collateral. It obligates debtors "to join with the secured party in executing, filing and doing whatever may be necessary under applicable law to perfect and continue the secured party's security interest in the Collateral, all at debtor's expenses." The agreement provides that it is governed by Oregon law.

On February 25, 2005, Defendant and his wife Mary Doody executed a "Bill of Sale," transferring to debtors:

> The business known as "Electric Beach Tanning Salon" located at 2227 N. Eldorado Blvd., in Klamath Falls, Oregon together with the personal property listed on Exhibit "A" attached hereto that will be a part hereof by this reference.

See Ex. 1 to Concise Statement.

The consideration for the sale was $120,000. Exhibit "A" to the Bill of Sale lists various pieces of personal property. It is entitled "Exhibit 'A' to Bill of Sale and UCC Financing Statement."

At some material point, debtors executed a UCC Financing Statement naming Defendant as the secured party. See Ex. 3 to Concise Statement. The Financing Statement provides:

> This FINANCING STATEMENT covers the following collateral:
>
> All personal property and equipment now a part of or hereafter acquired for the business known as "Electric Beach Tanning Salon" together with all accounts receivable. Electric Beach Tanning Salon is located at 2227 N. Eldorado Blvd., Klamath Falls, Oregon.

The Financing Statement was filed with the Oregon Secretary of State on March 8, 2005.

Summary Judgment Standards:

On a motion for summary judgment, the moving party has the burden to establish the absence of a material issue of fact for trial. FRCP 56(c). The substantive law governing a claim or defense determines whether a fact is material. T.W. Elec. Service., Inc. v. Pacific Elec. Contractors Ass'n, 809 F.2d 626, 630 (9th Cir. 1987). Material facts are such facts as may affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 2510, 91 L. Ed. 2d 202, __(1986).

Unless the moving party meets its initial burden of establishing the absence of a material issue of fact, summary judgment must be denied even if no opposing evidentiary matter is

presented. <u>Adickes v. S.H. Kress & Co.</u>, 398 U.S. 144, 160, 90 S. Ct. 1598, 1609-10, 26 L. Ed. 2d 142, __ (1970).

Even when there has been no cross-motion for summary judgment, the court may enter summary judgment sua sponte against a moving party if the losing party has had a "full and fair opportunity to ventilate the issues involved in the matter." <u>Gospel Missions of America v. City of Los Angeles</u>, 328 F.3d 548, 553 (9th Cir. 2003)(internal quotation omitted).

<u>Discussion</u>:

Plaintiff argues that because the document entitled "Security Agreement" does not describe any collateral, Defendant has no security interest. He further argues that the Addendum's language is insufficient to establish a security interest in inventory.

Oregon law applies. ORS 79.0203(2)(c)(A) provides in pertinent part, "a security interest is enforceable against the debtor and third parties with respect to the collateral only if . . . the debtor has authenticated[1] a security agreement[2] that provides *a description of the collateral . . . .*" (emphasis added).[3] ORS 79.0108 provides in pertinent part:

> (1) Except as otherwise provided in subsections (3)... of this section, a description of personal or real property is sufficient, whether or not it is specific, if it reasonably identifies what is described.
>
> (2) [A] description of collateral reasonably identifies the collateral if it identifies the collateral by:
>
> > (b) Category;
> > (c) [A] type of collateral defined in the Uniform Commercial Code; [or]
> > (f) Except as otherwise provided in subsection (3) of this section, any other method, if the identity of the collateral is objectively determinable.

---

[1] Under ORS 79.0102(1)(g)(A), "'Authenticate' means: 'To sign.'"

[2] Under ORS 79.0102(1)(uuu), "'Security Agreement' means an agreement that creates or provides for a security interest."

[3] ORS 79.0203(2)(c)(A) was enacted with the revision of Article 9 in 2001. On the issue at bar, it did not substantively change the law. Its predecessor, ORS 79.2030(1)(a), provided in pertinent part: "a security interest is not enforceable against the debtor or third parties with respect to the collateral . . . unless . . . the debtor has signed a security agreement which contains a description of the collateral . . . ." Former ORS 79.1050(1)(L) provided: "'Security Agreement' means an agreement that creates or provides for a security interest."

>(3) A description of collateral as "all the debtor's assets" or "all the debtor's personal property" or using words of similar import does not reasonably identify the collateral.[4]

The requirement of a writing in ORS 79.0203(2)(c)(A) is in the nature of a statute of frauds. See, Official Comment 3 to UCC 9-203. "The intent to create a security interest must appear on the face of a written document executed by the debtor." Expeditors Int'l v. Official Creditors Committee *(In re CFLC, Inc.)*, 166 F.3d 1012, 1016 (9th Cir. 1999) (construing analogous California law); see also, Grassmueck v. Carrick, *(In re Carrick)*, Adv. # 96-6270-fra (Bankr. D. Or. June 25, 1997) (Alley, J.) (unpublished). In this regard, in interpreting analogous California law, the Ninth Circuit Court of Appeals has advised "there is no requirement that the description of the collateral be complete within the four corners of the security agreement or other single document." Nolden v. Plant Reclamation *(In re Amex-Protein Development Corp.)*, 504 F.2d 1056, 1060 (9th Cir. 1974).

A review of the relevant case-law pertaining to whether a security agreement exists, reveals that each case rises and falls on the written record before it. In Carrick, supra, the creditor was trying to prove her security interest in a vehicle merely by reference to a DMV application for title which listed her as the lienholder. The court held that was insufficient because the mere listing as lienholder was not sufficiently certain to evidence the parties' intent that the vehicle was intended as security. The court went on to discuss and distinguish cases where a financing statement along with other documents satisfied the UCC's requirements.

In Butts v. Bendix Forest Products, Corp. *(In Re Summit Creek Plywood Co.)*, 27 B.R. 209 (Bankr. D. Or. 1982), the debtor executed a security agreement giving a security interest in certain business assets, but the list did not include inventory. A UCC financing statement was then prepared and filed. It too did not include inventory. An amended financing statement, signed by the debtor, was then filed which did include inventory. The court held the amended financing statement evidenced the parties intent that the creditor be secured by inventory. In Nolden, supra, the security agreement referenced "subject personal property per invoices." The invoices were not attached. A UCC financing statement listed the personal property with particularity. The court found this was enough to describe the collateral. Other courts have used a financing statement as part of a series of related documents to find an integrated security agreement. See, Compass Bank v. Kone, 134 P.3d 500 (Colo. App. 2006) (document entitled "security agreement" contained no description of collateral but financing statement did).

The Nolden court distinguished an Oregon case, J. K. Gill Co. v. Fireside Realty, Inc., 262 Or. 486, 499 P.2d 813 (1972), where a security agreement described the collateral as

---

[4] ORS 79.0108 was also enacted in 2001. Its predecessor, ORS 79.1100(1), provided as follows:

>For the purposes of ORS 79.1010 to 79.5070 and 79.8010 any description of personal property is sufficient whether or not it is specific if it reasonably identifies what is described.

The revision, through ORS 79.0108(2) & (3) provides examples of what is and is not reasonable identification, while the predecessor statute did not.

"furniture as per attached listing." No listing was in fact attached. The financing statement contained the same collateral description but again no listing was attached. The J.K. Gill court found the documents insufficient to create an enforceable security interest.

Here, unlike some contracts which merely incorporate security clauses (and therefore have other purposes), the "Security Agreement's" only purpose was to give security to the defendant. It is signed by the debtors. An objective observer can indulge the inference that the parties did not intend a useless act. This is shown by the care the parties took in filling in "N/A" where appropriate and striking (and initialing) inappropriate text which labeled the security as real property. A look outside the four (4) corners of the "Security Agreement" confirms that collateral was intended. Unlike J.K. Gill, supra, the Financing Statement does list and describe collateral. The Addendum provides further written proof of the intent as to inventory. I find the Addendum, Security Agreement and Financing Statement are a series of related documents comprising an integrated security agreement. See, Compass Bank, supra.

The description of "accounts receivable" and "equipment" in the Financing Statement and "inventory" in the Addendum are sufficient under ORS 79.0108(2)(b) & (c), which list "category" and "type" as sufficient descriptors.

Plaintiff's theory is that the documents don't evidence a security agreement. I find that they do. As such, even though Defendant has not cross-moved for summary judgment, there is no material issue of fact, and it is appropriate to enter sua sponte summary judgment in Defendant's favor. Gospel Missions, supra. An appropriate order and judgment will be entered.

The above constitute my findings of fact and conclusions of law under FRBP 7052. They shall not be separately stated.

Very truly yours,

*albert E. Radcliffe*

ALBERT E. RADCLIFFE
Bankruptcy Judge

AER:vhd